IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                                            Criminal Action No. 1:14-cr-97

BOBBY WAYNE BLACKWELL,
    Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court pursuant to the *pro se* motions filed by Defendant, Bobby Wayne Blackwell ("Defendant"), in this matter. Those motions include a "Habeas Corpus Motion Extraordinary Power and Jurisdiction According to State and Federal Laws in West Virginia and Pennsylvania, filed on December 29, 2014 (Docket No. 12); a motion to drop the detainer, filed on January 21, 2015 (Docket No. 13); a motion to dismiss, filed on January 26, 2015 (Docket No. 15); a "Motion for Dismissal," filed on January 30, 2015 (Docket No. 8); and a "Motion for Dismissal of Indictment, Charges," filed on February 6, 2015 (Docket No. 10).[1] These matters were referred to the undersigned by United States District Judge Irene M. Keeley on March 25, 2015. (Docket No. 25.) On March 25, 2015, the parties appeared before the Court for hearing on Defendant's motions.

### I.    Relevant Procedural History

On December 16, 2014, the Grand Jury returned a one-count Indictment against Defendant, charging him with failure to update sex offender registration, in violation of 18 U.S.C. § 2250(a). Defendant was arrested in the Middle District of Pennsylvania on January 20, 2015. Trial is

---

[1] Defendant filed the motions docketed as Docket Entries 12, 13, and 15 in a civil proceeding before the Honorable Gina M. Groh. (Blackwell v. State of West Virginia, Civil Action No. 3:14-cv-137.) On February 10, 2015, Judge Groh entered an Order directing the Clerk to close the habeas corpus action and transfer the three motions pending therein to this criminal case. (Civil Action No. 3:14-cv-137, Docket No. 13.)

currently scheduled to begin with jury selection on April 20, 2015.

## II. Defendant's Contentions

### A. "Habeas Corpus Motion" (Docket No. 12)

In this motion, Defendant alleges that he was "set up" by the West Virginia State Police because, on August 24, 2014, they told Defendant that he had to leave the residence at which he was staying in Morgantown, West Virginia. (Docket No. 12 at 2.) Defendant told the police he had nowhere to go, and the police suggested that he return to Pennsylvania. (Id.) Defendant also argues that the offense requiring him to register as a sex offender occurred almost forty (40) years ago, and that he was not required to register upon his release from prison in 2008. (Id.) Overall, Defendant alleges that he is the victim of "domestic violence," and that his detention is illegal. (Id. at 5.)

### B. Motion to Drop Detainer (Docket No. 13)

In this motion, Defendant reiterates the arguments raised in his "habeas corpus" motion. (Docket No. 13 at 1-3.) Defendant further argues that the federal charges should be dropped because the charges brought against him in Morgantown were dropped by the Prosecuting Attorney, and the West Virginia State Police told Defendant's sister that they did not want to pursue the charge. (Id. at 2.) Defendant believes the detainer should be dropped because he followed instructions given by the West Virginia State Police. (Id.)

### C. Motion to Dismiss (Docket No. 15), Motion for Dismissal (Docket No. 8), Motion for Dismissal of Indictment, Charges (Docket No. 10.)

Defendant reiterates the arguments made in the previous motions. (Docket No. 15 at 1-5.)

## III. Analysis

Upon review of Defendant's motions, the undersigned discerns three arguments presented

by Defendant for why the Indictment should be dismissed: (1) but for the West Virginia State Police telling him to go back to Pennsylvania, Defendant would never have left West Virginia; (2) the Indictment is defective because it states that Defendant traveled in October 2014, when he asserts he did so in August 2014; and (3) he should never have been required to register because of the age of his prior conviction. The undersigned has concerned these arguments below.

## A. Defendant's Factual Arguments

As noted above, Defendant argues that the Indictment should be dismissed because (1) but for the West Virginia State Police telling him to go back to Pennsylvania, he would never have left West Virginia; and (2) he should never have been required to register because of the age of his prior conviction. The undersigned has considered these arguments together, as they both concern arguments of fact. However, "[q]uestions of fact should be resolved at trial, and not on a motion to dismiss." United States v. Regina, 504 F. Supp. 629, 630 (D. Md. 1980); see also United States v. Vaughn, No. 5:08-cr-00266-01, 2010 WL 597513, at *6 (S.D. W. Va. Feb. 16, 2010) ("Motions to dismiss based mainly upon questions of fact are not capable of determination prior to trial.") Accordingly, Defendant's factual arguments do not present a basis for dismissal of the Indictment returned against him by the Grand Jury.

## B. Statute of Limitations/Date Argument

Defendant also argues that the Indictment is defective because it alleges that he traveled in interstate commerce from "on or about October 10, 2014 to on or about December 4, 2014" and failed to update his registration. (Docket No. 1.) Defendant argues that he actually left West Virginia in August 2014.

18 U.S.C. § 3282(a) states: "Except as otherwise expressly provided by law, no person shall

be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." Offenses under 18 U.S.C. § 22550(a) fall within this limitations period. Here, the Grand Jury returned the Indictment on December 16, 2014. Accordingly, the Indictment was returned within five (5) years from both October 10, 2014, when the Indictment alleges Defendant traveled, and August 2014, when Defendant alleges he left West Virginia. Given this, Defendant's argument that the Indictment is defective is without merit and does not warrant dismissal of the Indictment.[2]

### IV.     Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's motions (Docket Nos. 8, 10, 12, 13, and 15) be **DENIED**.

Any party may, within fourteen days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

---

[2] In any event, the Fourth Circuit has stated that it is "well settled . . . that where an indictment alleges a crime occurred on or about a certain date, proof need only establish beyond a reasonable doubt that the crime occurred on a date reasonably near that alleged." United States v. Ward, 676 F.2d 94, 96 (4th Cir. 1982).

The Clerk of the Court is directed to provide an electronic copy of this Report and Recommendation to counsel of record, and to mail a copy to Defendant Bobby Wayne Blackwell.

Respectfully submitted this 25th day of March, 2015.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE